Tuiiley, J.
delivered the opinion of the court.
This is a prosecution on the part of the State against the defendant under the provisions of the 15th section of the- act of 1835, ch. 17, which provides that ‘“whenever the'office of any justice of the peace shall become vacant, all the dockets, papers, books and public laws or statutes pertaining to his office, shall, if a successor be chosen and qualified at the time, be delivered over to him, but if no successor be chosen and qualified, then to the nearest justice in the district, if any there be, but if there *42 be none, then to the nearest in the county, to be kept by him until a successor be chosen and qualified, and then delivered over to him on request;” and for enforcing obedience to this provision, it further provides, “that if any person shall neglect or refuse to comply therewith, he shall, on conviction thereof by presentment or indictment in the circuit court, be fined not exceeding fifty dollars.
This is a prosecution by bill of indictment and the-indictment charges that Daniel S. Jones, the defendant, was an acting justice of -the peace for the twelfth civil district, in the county of Hamilton, and that on the fourth, day of March, 1848, his term of service having then-expired, an election was held according to the constitution and laws of the State, for the purpose of electing his successor, when one William McGill was duly and constitutionally elected such successor, and that on the first day of May, ensuing, he was legally and constitutionally commissioned and qualified as a justice of the-peace in- said succession, and that Daniel S. Jones, on-the 15th day of May, 1848, with force and arms in the county of Hamilton, did fail, neglect and refuse to deliver over to the said William McGill, his successor as aforesaid, all the dockets, papers, books, See., pertaining to his office.
This bill of indictment was quashed. upon the motion of the defendant, and the State thereupon appealed to this court. We think the circuit judge committed no error in quashing this bill of indictment. It shows upon its face that the term for which the defendant held the offie'e of justice of the peace for the 12th civil district, in Hamilton county, expired on the 4th day of March, 1848, .and that his successor, though elected on that day, *43 w;is not qualified to act as a justice till the 1st day of May ensuing, nearly two months after the expiration of the. term of the defendant in said office, and does not negative the fact that the defendant had, in the time between the expiration of his office. and the qualification of McGill, handed over all the papers and books of his office to the nearest justice according to the provisions of the act referred to, and under which the indictment is filed. This act, as we have seen, makes it the duty of a justice when the term of his office expires, if there be no successor chosen and qualified, to deliver the books and papers of his office to the nearest justice in his district, if there be any, but if there be none, then to the nearest in the county, and for a failure to do so, makes him liable, upon conviction by indictment or presentment, to a fine of fifty dollars. Now, this bill of indictment shows that for two months after the expiration of the defendant’s term of office, he had no successor qualified to act as such. It was then his bounden duty, under heavy penalty, to have handed over the books and papers of his office to the nearest justice of the peace, according to the provisions of the statute, and we must presume that he did so, in the absence of an allegation to the contrary.
We also think that the successor in office must demand the books and papers of the office from his predecessor, before he can be indicted under the statute for a refusal to deliver them; because the successor alone knows when he has been commissioned and qualified to act; and his predecessor can be in no default till a demand has been made of him and information of such commission and qualification given to him.
We therefore affirm the judgment of the circuit court.